UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.:

Saray Martinez,

    Plaintiff,

vs.

SEAL AFTERMARKET PRODUCTS, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Saray Martinez ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, SEAL AFTERMARKET PRODUCTS, LLC ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to the American with Disabilities Act ("ADA"), to redress injuries resulting from Defendant's unlawful disability-based discriminatory treatment of Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

3. Defendant is a Florida Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

4. Venue is proper because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of this Court.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff started working for the company in 2010, as an assembler.

6. For some time, including within 300 days of filing the charge of discrimination, Plaintiff has had several health problems, including migraines and an increase in asthma symptoms which affected her major life activity of breathing.

7. For this reason, Plaintiff had some reluctance from the company every time she needed to go to a medical appointment.

8. Her requests were not well received by Defendant.

9. But things escalated to another level when she started receiving discriminatory comments because of her asthmatic condition, incidents that ultimately led to the illegal termination of her employment.

10. On September 13, 2022, Plaintiff had a powerful asthma attack and had to be rushed to the hospital.

11. The doctor prescribed Plaintiff antibiotics, prednisone, and salbutamol.

12. On September 14, 2022, while she was telling another employee about this situation, her line manager, Daisy Olay, approached Plaintiff, and she said to her that this was not possible.

13. She added that she had never seen antibiotics prescribed for asthma.

14. She continued to make negative comments about Plaintiff's health condition and make fun of her asthma.

15. Since the previous week, she had been harassing Plaintiff every time she passed near Plaintiff.

16. She told Plaintiff "You have to see to that cough, or you have to get tested for COVID-19".

17. Plaintiff told her on more than one occasion that it was not her fault for the cough, but that her asthma was causing it.

18. Despite Plaintiff's explanation, she continued to harass Plaintiff for this reason, to the point of affecting Plaintiff's job performance.

19. On September 17, 2022, Plaintiff was informed that she was terminated from employment.

20. Daisy Olay recommended and took part in the decision to terminate Plaintiff

21. All administrative prerequisites are complete as a Right to sue letter was issued by the EEOC on October 3, 2023.

## COUNT I
### *Disability Discrimination in Violation of the ADA*
### *Wrongful Termination*

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this Complaint as if set out in full herein.

23. Plaintiff is a member of a protected class under the ADA.

24. By Defendant's conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and chronic conditions and subjected the Plaintiff to animosity based on his disability and chronic conditions.

25. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

26. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his disability was unlawful but acted in reckless disregard of the law.

27. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

28. Defendant retained all employees who exhibited discriminatory conduct toward the

Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

29. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

30. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

31. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

32. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, at amounts to be proved at trial for the unlawful employment practices described herein;

  C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

  D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

  E. Defendant, or in lieu of reinstatement, award front pay;

  F. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Date: 10/24/23

              Respectfully submitted
              By: /s/: *Elvis J. Adan*
              Elvis J. Adan, Esq.
              Fla. Bar No.: 24223

              GALLARDO LAWOFFICE, P.A.
              8492 SW 8th Street
              Miami, Florida 33144
              Telephone: (305) 261-7000
              Facsimile: (305) 261-0088